IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KENNETH R.C.,

        Plaintiff,

vs.                                      Case No. 19-CV-255-FHM

ANDREW M. SAUL,
Commissioner of Social Security
Administration,

        Defendant.

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than

---

[1] Plaintiff's June 2, 2016, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held April 30, 2018. By decision dated June 4, 2018, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 12, 2019. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 49 years old on the alleged date of onset of disability and 51 at the time of the ALJ's denial decision. He has a tenth grade education and no past relevant work history. He claims to have been unable to work since the application date of June 2, 2016, as a result of a broken shoulder, broken right hand, bilateral ankle problems, lower back pain, and arthritis. [R. 166].

## The ALJ's Decision

The ALJ determined that Plaintiff has severe impairments of "history of right shoulder injury and pes planus of the bilateral feet and atherosclerosis." [R. 15]. The ALJ also found that Plaintiff retains the residual functional capacity (RFC) to perform light work with a limitation to avoid overhead work on the right side. [R. 17]. Plaintiff did not have a past relevant work history. [R. 20]. However, based on the testimony of a vocational expert, the ALJ concluded that Plaintiff could perform other work existing in significant numbers in the national economy, such as a laundry sorter (DOT #361.687-

014) and assembler (DOT #706.684-022), and was not disabled. [R. 20-21]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff raises a single error on appeal, arguing that the ALJ erred in failing to resolve a conflict between the vocational expert's testimony and the *Dictionary of Occupational Titles* (and its companion publication, *Selected Characteristics of Occupations*) with respect to the limitation on overhead reaching. Plaintiff argues that these sources define reaching broadly as extending hands and arms in all directions and do not distinguish overhead reaching from reaching in other directions. Plaintiff contends that the jobs that the ALJ cited in his decision – laundry sorter and assembler – require frequent reaching, and the vocational expert, despite instructions from the ALJ, did not advise the ALJ of the conflict created by this broad definition of reaching and did not provide any testimony to resolve the conflict. [Dkt. 15].

## Analysis

The Tenth Circuit has stated that, when there is a conflict between the *Dictionary of Occupational Titles* and the testimony of a vocational expert, the ALJ "must investigate and elicit a reasonable explanation for any conflict ... before the ALJ may rely on the expert's testimony." Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999); see also SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000). Failure to resolve the conflict is

reversible error, unless the error is harmless. *Poppa v. Astrue*, 569 F.3d 1167, 1173-74 (10th Cir. 2009); *see also Krueger v. Astrue*, 337 F. App'x 758, 761-62 (10th Cir. 2009).

At the hearing, the ALJ advised the vocational expert that she would need to identify any variance between her testimony and the *Dictionary of Occupational Titles*. [R. 45]. The ALJ then recited the hypothetical for light work with a restriction on overhead work on the right side, and the vocational expert testified that the jobs of laundry sorter and assembler would fit the hypothetical. [R. 45-46]. Plaintiff's counsel did not ask any questions of the vocational expert. [R. 46]. Accordingly, the vocational expert represented implicitly that there was no conflict between her testimony and the *Dictionary of Occupational Titles*.

The Tenth Circuit has addressed this question and has clarified that a limitation on overhead reaching in a claimant's residual functional capacity does not necessarily prevent a claimant from performing jobs that require frequent reaching. *See Segovia v. Astrue*, 226 F. App'x 801, 804 (10th Cir. 2007). In *Segovia*, the court held,

> even a job requiring frequent reaching does not necessarily require more than occasional *overhead* reaching. The VE was aware of Ms. Segovia's limitations on overhead reaching, and he testified both that she could perform the jobs he identified and that his opinion of the jobs open to her was consistent with the *DOT's* specifications. Aplt.App. at 391–92, 395. In these circumstances, the VE's testimony does not conflict with the *DOT* and *SCO* so much as it clarifies how their broad categorizations apply to this specific case. *See Carey v. Apfel,* 230 F.3d 131, 146 (5th Cir.2000) ("To the extent that there is any implied or indirect conflict between the vocational expert's testimony and the *DOT* in this case, ... the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so.... [A]ll kinds of implicit conflicts are possible and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation.").

*Id.* at 804.  In other words, there is not, as Plaintiff argues, a clear conflict between a limitation on overhead reaching and a job that requires frequent reaching.  After making the broader finding that any conflict between a limitation on overhead reaching and jobs that require frequent reaching is implicit, rather than direct, the *Segovia* court also reviewed the descriptions of the jobs to determine whether those descriptions indicated a conflict with a limitation on overhead reaching.  *See id.* at 805.  In that case, if found no conflict.  *See id.*

The Dictionary of Occupational Titles describes the laundry sorter job (DOT # 361.687-014) as follows:

> Sorts laundry into lots, such as flatwork, starchwork, and colored articles prior to washing or ironing: Places sorted articles in bins, nets, or baskets, or onto conveyor belt. May weigh flatwork and record weight on laundry ticket. May affix customer's identification mark on articles or fasten identifying pin to nets.

*Dictionary of Occupational Titles*, 1991 WL 672991 (last visited June 11, 2020).

The Dictionary of Occupational Titles describes the assembler job (DOT # 706.684-022) as follows:

> Performs any combination of following repetitive tasks on assembly line to mass produce small products, such as ball bearings, automobile door locking units, speedometers, condensers, distributors, ignition coils, drafting table subassemblies, or carburetors: Positions parts in specified relationship to each other, using hands, tweezers, or tongs. Bolts, screws, clips, cements, or otherwise fastens parts together by hand or using handtools or portable powered tools. Frequently works at bench as member of assembly group assembling one or two specific parts and passing unit to another worker. Loads and unloads previously setup machines, such as arbor presses, drill presses, taps, spot-welding machines, riveting machines, milling machines, or broaches, to perform fastening, force fitting, or light metal-cutting operation on assembly line. May be assigned to different work stations as production needs require or shift from one station

to another to reduce fatigue factor. May be known according to product assembled.

*Dictionary of Occupational Titles*, 1991 WL 679050 (last visited June 11, 2020).

Nothing in these job descriptions indicate that overhead reaching is involved. Sorting laundry, placing items in bins, using tools like tongs, or working on an assembly line all speak to reaching forward or to the side, not overhead. Accordingly, this case is consistent with the Tenth Circuit's analysis and conclusion in *Segovia*. This case also stands in contrast with another case in which this Court recently reversed and remanded an ALJ's decision where the claimant had a restriction on overhead work and one of the jobs listed at step five was that of housekeeper (DOT # 323.687-014). *See Carrie E.N. v. Saul*, 19-cv-126-FHM, 2020 WL 1330433, *2 (March 23, 2020). That job description included cleaning draperies, ceilings, and walls and replacing lightbulbs, all of which clearly describe overhead work. *See id.*

## Conclusion

The Court finds that there is no conflict between the limitation on overhead reaching and the vocational expert's testimony that Plaintiff could perform the jobs of laundry sorter or assembler. Therefore, the ALJ properly relied on the vocational expert's testimony. Accordingly, the decision finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 16th day of June, 2020.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE